UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE-FRANCES AKPAMGBO and MICHAEL EMEKA AKPAMGBO,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. CV-08-239-FVS<br><br>ORDER GRANTING AND DENYING THE DEFENDANT'S MOTION TO DISMISS |

**THIS MATTER** comes before the Court without oral argument based upon the United States' motion to dismiss or, in the alternative, for judgment on the pleadings or, in the alternative, for summary judgment.  The United States is represented by Andrew S. Biviano.  The plaintiffs are represented by Robert P. Hailey.

**BACKGROUND**

Jane-Frances Akpamgbo, M.D., signed a one-year contract with Spectrum Healthcare Resources, Inc., to work as a civilian physician at Fairchild Air Force Base.  Dr. Akpamgbo was supervised by Lieutenant Colonel Robby C. Riddle, M.D.  Dr. Akpamgbo and her husband, Michael Emeka Akpamgbo, allege Dr. Riddle created a hostile work environment based upon Dr. Akpamgbo's race, sex, and national origin.  They allege she complained to Dr. Riddle's superior officer, but he failed to ameliorate the effects of Dr. Riddle's invidious hostility toward Dr. Akpamgbo.  Furthermore, when Dr. Riddle learned

ORDER - 1

of her complaint, he allegedly retaliated against her, by among other things, initiating an administrative review of her competence as a physician. Dr. Akpamgbo and her husband have commenced an action against the United States under the Federal Tort Claims Act ("FTCA"). The United States moves to dismiss. Fed.R.Civ.P. 12(b)(1). In the alternative, the United States moves for judgment on the pleadings, Fed.R.Civ.P. 12(c), or for summary judgment. Fed.R.Civ.P. 56(c).

**RULING**

Dr. Akpamgbo may have been an independent contractor or she may have been a federal employee. The parties have not indicated which test governs the determination of her status; and there is more than one candidate. *Compare Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir.1999) (whether a franchise agreement created an employment relationship that was covered by Title VII of the Civil Rights Act of 1964), *with Lopez v. Johnson*, 333 F.3d 959, 963 (9th Cir.2003) (whether a person who worked for a company that provided services to the United States Navy was a federal employee for purposes of section 501 of the Rehabilitation Act of 1973). Nor have the parties attempted to apply the governing test to the facts of this case. Consequently, Dr. Akpamgbo's employment status is unclear. Determining her status is essential. As a general rule, "section 717 of Title VII, 42 U.S.C. § 2000e-16, provides the exclusive, pre-emptive remedy for federal employees seeking to redress employment discrimination." *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001). However, there is an exception to the general rule. A federal employee may assert an FTCA claim when the defendant's

ORDER - 2

"alleged violations have gone beyond discrimination in the workplace and involve physical or emotional injuries that are highly personal." *Id.* In view of the preceding rules, the Court declines to address the merits of Dr. Akpamgbo's FTCA claim until her employment status is resolved and it is clear she may assert a FTCA claim. Her husband's FTCA claim is a different matter. He has offered no evidence demonstrating he exhausted his administrative remedies. As a result, the Court lacks jurisdiction over his FTCA claim. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.1992).

**IT IS HEREBY ORDERED:**

1. The Court grants the United States' motion to dismiss Michael Emeka Akpamgbo's FTCA claim (**Ct. Rec. 18**).

2. The Court denies the United States' motion to dismiss Jane-Frances Akpamgbo's FTCA claim (**Ct. Rec. 18**); provided, the United States may refile its motion.

3. The Court grants the Akpamgbos' motion to amend their complaint. They may have 30 days in which to file an amended complaint.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___24th___ day of March, 2010.

                    S/Fred Van Sickle
                    Fred Van Sickle
        Senior United States District Judge

ORDER - 3